FILED'06 DEC 12 16:04USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON NATURAL DESERT ASSOCIATION, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS E. RASMUSSEN, Field Manager, Lakeview Resource Area; SHIRLEY GAMMON, District Manager, Lakeview District BLM; GALE A. NORTON, Secretary, U.S. Department of the Interior; BUREAU OF LAND MANAGEMENT; and U.S. Department of the Interior; <br><br> Defendants, | CV 05-1616-AS <br><br> ORDER |

MOSMAN, Judge:

Plaintiff Oregon Natural Desert Association (ONDA) brought this action pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701, alleging defendants Bureau of Land Management *et al.* (BLM) violated the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.,* and the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. § 1701 *et seq.,* when they issued a final decision on June 13, 2005, implementing the East-West Gulch Projects on the Beaty Butte Allotment in south-central Oregon consistent with the East-West Gulch Projects Environmental Assessment. On

1 - ORDER

September 6, 2006, this court affirmed and adopted in their entirety Magistrate Judge Ashmanskas's Findings and Recommendation dated April 20, 2006, in which he concluded defendants violated the APA and NEPA because they "did not have sufficient current information on wilderness values in the East-West Gulch to make an informed, adequate determination of the environmental impact of the East-West Gulch Projects on wilderness values." F&R at 20. Judge Ashmanskas, however, also concluded that defendants adequately discussed potential alternatives for grazing limitations and herding in greater depth in the East-West Gulch of the Beaty-Butte Allotment, and adequately addressed the cumulative impacts of its proposed actions in the area. Finally, he concluded plaintiff's claims arose under the APA and NEPA, not FLPMA.

Accordingly, defendants' East-West Gulch Projects decision is vacated. Defendants are enjoined from further authorization or implementation of the decision, and further use of all facilities constructed pursuant to the decision, including roads, pipelines, storage tanks, and watering troughs, until defendants have completed (1) a current inventory to determine the wilderness values in the area and (2) an environmental assessment (EA), taking into account the current inventory, that complies with the requirements of the APA and NEPA. Defendants shall maintain already constructed facilities sufficiently to avoid environmental injury pending completion of a lawful EA or a decision to abandon the Projects.

IT IS SO ORDERED.

DATED this 12th day of December, 2006.

_____
Michael W. Mosman
United States District Judge

2 - ORDER